# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                        )
        v.              )        ID No. 1402014360
                        )
DENNIS WILLIAMS,        )
                        )
        Defendant.      )

Date Submitted: April 11, 2016
Date Decided: April 20, 2016

***Upon Dennis Williams' Motion for Appointment of
Postconviction Relief Counsel***
**GRANTED**

Upon consideration of the motion for appointment of postconviction relief counsel filed by Defendant Dennis Williams; Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"); the facts, arguments and legal authorities set forth in Defendant's motion; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1.    On October 23, 2014, following a three day jury trial, a jury found Defendant guilty of possession of a firearm by a person prohibited ("PFBPP") and possession of ammunition by a person prohibited ("PABPP"). Defendant was represented by counsel at trial.

2.    Defendant was sentenced on March 13, 2015. With respect to the PFBPP conviction, Defendant was sentenced to fifteen (15) years at Level V suspended after ten (10) years at Level V for five (5) years supervision at Level IV

Department of Corrections' ("DOC") Discretion, suspended after twelve (12) months at supervision Level IV at DOC Discretion, for two (2) years at supervision Level III with GPS monitoring, hold at supervision Level V until space is available at Level IV. With respect to the PABPP conviction, Defendant was sentenced to eight (8) years at Level V suspended for one (1) year at Level III with GPS monitoring.

3. On March 30, 2015, Defendant filed a timely appeal of his conviction and sentence with the Delaware Supreme Court, which affirmed this Court's ruling by Order dated December 4, 2015.[1]

4. On April 11, 2016, Defendant filed a timely motion for postconviction relief and a motion for appointment of postconviction relief counsel pursuant to Rule 61 as a self-represented litigant.

5. Rule 61(e) governs the appointment of counsel in postconviction proceedings. Upon a defendant's timely request, the Court shall appoint counsel for an indigent movant's first motion for postconviction relief if the motion seeks to set aside "a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 *Del. C.* § 4205(b)".[2]

---

[1] *Williams v. State*, 129 A.3d 232 (TABLE) (Del. 2015).
[2] Super. Ct. Crim. R. 61(e)(1). Rule 61(e)(1) also requires the Court to appoint counsel where "a judgment of conviction after a trial that has been affirmed by final order upon direct appellate

6.      Pursuant to 11 *Del. C.* § 1448(c), PFBPP is a class C Felony if the defendant has been previously convicted of a violent felony.  Defendant qualified for increased sentencing under § 1448(e)(1) because of Defendant's status as a prohibited person and his previous conviction of a violent felony.[3]  Accordingly, Defendant's 2014 jury conviction of PFBPP, from which he intends to seek postconviction relief, is a class C felony and Defendant is entitled to appointment of counsel to pursue his first motion for postconviction relief.

7.      Once counsel is appointed, a briefing schedule will be issued on the motion for postconviction relief.  In the meantime, the postconviction relief motion Defendant filed as a self-represented litigant will be stayed.

**NOW, THEREFORE, on this 20th day of April 2016, Defendant Dennis Williams' Motion for Appointment of Counsel is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

review and resulted in the imposition of a sentence under 11 *Del. C.* § 4214(b) [. . . or . . .] a sentence of death."  Because Defendant was not sentenced to life imprisonment or death, these exceptions are inapplicable.

[3] Defendant was convicted of Possession of a Deadly Weapon by a Person Prohibited, a violent felony under 11 *Del. C.* § 4201(c), on October 18, 2007.